JUDGE LEISURE

'08 CIV 5421

Cardillo & Corbett
Attorneys for Plaintiff
MARVEL INTERNATIONAL MANAGEMENT
AND TRANSPORTATION CO., LTD.
29 Broadway
New York, New York 10006
Tel: (212) 344-0464
Fax: (212) 797-1212
Tulio R. Prieto (TP-8455)

RECEIVED JUN 15 2008 U.S.D.C. S.D.N.Y. CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x
MARVEL INTERNATIONAL MANAGEMENT          :
AND TRANSPORTATION CO., LTD.,            :
                                         :
                    Plaintiff,           :   ECF
                                         :   **VERIFIED COMPLAINT**
          -against-                      :
                                         :
BELARUSIAN SHIPPING COMPANY a/k/a        :
BELARUSSIAN SHIPPING COMPANY,            :
EURASIA SHIPPING COMPANY LLP,            :
RIMEX LIMITED, C/GT GROUP LIMITED,       :
and DEKKER LIMITED,                      :
                                         :
                    Defendants.          :
------------------------------------------x

Plaintiff, MARVEL INTERNATIONAL MANAGEMENT AND TRANSPORTATION CO., LTD. ("Plaintiff"), by and through its attorneys, Cardillo & Corbett, as and for its Verified Complaint against the defendants, BELARUSIAN SHIPPING COMPANY a/k/a BELARUSSIAN SHIPPING COMPANY ("Belarusian"), EURASIA SHIPPING AND PORT SERVICES LLP ("Eurasia"), RIMEX LIMITED ("Rimex"), C/GT GROUP LIMITED ("C/GT Group") and DEKKER LIMITED ("Dekker") ("Defendants") alleges, upon information and belief as follows:

## JURISDICTION

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

## THE PARTIES

2. At all material times to this action Plaintiff was, and still is, a foreign business entity duly organized and existing under the laws of a foreign country with an address at Levent Mah. Safran Sok. No.3, 34330 Levent, Istanbul, Turkey.

3. At all times material to this action, Belarusian was, and still is, a foreign business entity organized and existing under the laws of a foreign country with an address at 220005, 3-408 V.Khoruzhey Str. Minsk, Republic of Belarus. Upon information and belief, Belarusian is also known as Belarussian Shipping Company.

4. At all times material to this action, Eurasia was, and still is, a foreign business entity organized and existing under the laws of a foreign country with an address at 4 Meadowbank, Primrose Hill Road, London NW3 SAY, United Kingdom.

5. At all times material to this action, Rimex was, and still is, a foreign business entity organized and existing under the laws of a foreign country with an address at Level 5, 369 Queen St., Auckland, New Zealand.

6. At all times material to this action, C/GT Group was, and still is, a foreign business entity organized and existing under the laws of a foreign country with an address at Level 5, 369 Queen St., Auckland, New Zealand.

7. At all times material to this action, Dekker was, and still is, a foreign business entity organized and existing under the laws of a foreign country with an address at Level 5, 369 Queen St., Auckland, New Zealand.

### DEFENDANT'S BREACH OF CONTRACT - M/V MAHA DEEPA

8. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-7 of this Complaint as if set forth at length herein.

9. By a time charter party dated October 1, 2007, Plaintiff, as disponent owner, let and Defendant, as Charterer, chartered the M/V MAHA DEEPA (the "Vessel") to Defendant, as Charterer, for a term of about 60/80 days (the "Charter Party").

10. Plaintiff delivered the Vessel to Belarusian pursuant to the terms of the Charter Party on October 2, 2007.

11. The Vessel and Plaintiff performed their obligations under the contract and Defendant redelivered the Vessel to Plaintiff on December 30, 2007.

12. On January 2, 2008, Plaintiff sent Defendant a hire statement showing a balance of hire due Plaintiff in the

amount of $42,794.27.

13. Plaintiff has repeatedly demanded that Defendant pay the outstanding balance of hire, but Defendant has failed and refused to pay said amount.

14. As a result of Defendant's breach of charter, Plaintiff has incurred damages in the amount of $42,794.27, plus interest.

## LONDON ARBITRATION

15. The Charter Party provides that any disputes arising under the Charter Party shall be referred to arbitration in London, England. English law is applicable under the Charter Party.

16. Plaintiff reserves the right to demand arbitration from Defendant as authorized by the terms of the Charter Party.

17. Interest, cost and attorney's fees are routinely awarded to the prevailing party by arbitrators in London pursuant to English law. As best as can now be estimated, the following amounts can be expected to be recovered in the action:

| | | |
|---|---|---|
| A. | Principal claim: | $42,794.27 |
| B. | Interest for 2 years at 7%: | $ 5,991.20 |
| C. | Costs, and attorney's fees: | $15,000.00 |
| | Total: | $63,785.47 |

## AS AND FOR PLAINTIFF'S FIRST CAUSE OF ACTION AGAINST DEFENDANTS, EURASIA, RIMEX, C/GT GROUP AND DEKKER

18. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-17 of this Complaint as if set forth at length herein.

19. The payments of hire due from Belarusian to Plaintiff during the term of the Charter Party were not made by Belarusian. Instead they were made in turn by Defendants, Eurasia, Rimex, C/GT Group and Dekker.

20. Plaintiff received the following hire payments from Defendants under the Charter Party:

| Date | Amount | Payor |
|---|---|---|
| 10/18/2007 | $696,522.12 | Dekker |
| 11/02/2007 | $709,324.03 | Dekker |
| 11/19/2007 | $628,187.05 | Rimex, C/GT Group |
| 12/19/2007 | $160,888.20 | Eurasia |
| 12/28/2007 | $184,100.52 | Eurasia |

21. In addition, Belarusian has in the past, in connection with other charter parties involving other ship owners, used Rimex, C/GT Group and Dekker to make other payments to its creditors in substantial amounts.

22. At all material times there existed such unity of ownership and interest among Belarusian, Eurasia, Rimex, C/GT Group and Dekker that no separation exists between them,

5

and Eurasia, Rimex, C/GT Group and Dekker are the alter egos of Belarusian in that: (a) Belarusian makes charter hire payments through the instrumentality, front and conduit of Eurasia, Rimex, C/GT Group and Dekker; and (b) Belarusian, Eurasia, Rimex, C/GT Group and Dekker do not deal with each other at arms length, in that Belarusian performs transportation services for Eurasia, Rimex, C/GT Group and Dekker without consideration.

23. By reason of the foregoing conduct of Belarusian, Eurasia, Rimex, C/GT Group and Dekker, Plaintiff has sustained damages as described above.

AS AND FOR PLAINTIFF'S SECOND CAUSE
OF ACTION AGAINST DEFENDANTS, EURASIA,
<u>RIMEX, C/GT GROUP AND DEKKER</u>

24. Plaintiff repeats and realleges each and every allegation in paragraphs 1-23 of this Complaint as if set forth at length hereinafter.

25. The role of Belarusian is to obtain transportation from third parties-in this case the Plaintiff-to service the business of Eurasia, Rimex, C/GT Group and Dekker.

26. Although not disclosed to Plaintiff, Belarusian did not act as a principal in securing the Charter Party, and thereby obtaining the needed transportation service for the business of Eurasia, Rimex, C/GT Group and Dekker, but acted as agent for Eurasia, Rimex, C/GT Group and Dekker in that regard.

27. Belarusian did not make the usual arms length sub-charter party contract with Eurasia, Rimex, C/GT Group or Dekker, nor receive the usual sub-freight payments from Eurasia, Rimex, C/GT Group or Dekker for providing the transportation services of the Vessel to Eurasia, Rimex, C/GT Group or Dekker, thereby confirming its role as the mere agent for Eurasia, Rimex, C/GT Group and Dekker.

28. Although Belarusian appears on the Charter Party as the charterer, i.e., as a principal, it acted as the agent of its undisclosed principals, Eurasia, Rimex, C/GT Group and Dekker.

29. By reason of its role as undisclosed principal under the Charter Party, Eurasia, Rimex, C/GT Group and Dekker are fully liable to Plaintiff for the damages claimed herein.

## DEFENDANTS NOT FOUND WITHIN THE DISTRICT

30. Defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendants have or will have during the pendency of this action, property within this District and subject to the jurisdiction of this Court, held in the hands of garnishees including, but not limited to, ABN Amro Bank NV, American Express Bank, Banco Popular, Bank Leumi, Bank of America, Bank of China, Bank of

Communications Co. Ltd. New York Branch, Bank of India, Bank of New York, Barclays Bank, BNP Paribas, Calyon, Citibank, Commerzbank, Deutsche Bank, HSBC (USA) Bank, J.P. Morgan Chase, Standard Chartered Bank, State Bank of India, Societe Generale, UBS AG and/or Wachovia Bank, which are believed to be due and owing to Defendants.

31.  Plaintiff seeks an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8 and §§201-208, attaching, *inter alia,* any property of defendants held by the aforesaid garnishees for the purpose of obtaining personal jurisdiction over defendants, and to secure Plaintiff's claims as described above.

**WHEREFORE**, Plaintiff prays:

A.  That process in due form of law issue against Defendants, citing them to appear and answer under oath all and singular the matters alleged in the Complaint;

B.  That since Defendants cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the

8

Supplemental Rules for Certain Admiralty and Maritime Claims and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1, 8 and 208, attaching all tangible or intangible property in whatever form or any other funds held by any garnishee, including, but not limited to, ABN Amro Bank NV, American Express Bank, Banco Popular, Bank Leumi, Bank of America, Bank of China, Bank of Communications Co. Ltd. New York Branch, Bank of India, Bank of New York, Barclays Bank, BNP Paribas, Calyon, Citibank, Commerzbank, Deutsche Bank, HSBC (USA) Bank, J.P. Morgan Chase, Standard Chartered Bank, State Bank of India, Societe Generale, UBS AG and/or Wachovia Bank, which are due and owing to Defendants, in the amount of $63,785.47 to secure Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Rule B answer the matters alleged in the Complaint;

  C. That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof; and

  D. That Plaintiff have such other, further and

different relief as the Court may deem just and proper.

Dated:    New York, New York
          June 13, 2008

          CARDILLO & CORBETT
          Attorneys for Plaintiff
          MARVEL INTERNATIONAL MANAGEMENT
          AND TRANSPORTATION CO., LTD.

By: _____
          Tulio R. Prieto (TP-8455)
          Office and P.O. Address
          29 Broadway, Suite 1710
          New York, New York 10006
          Tel: (212) 344-0464
          Fax: (212) 797-1212

## ATTORNEY'S VERIFICATION

State of New York )
                  ) ss.:
County of New York)

    1. My name is Tulio R. Prieto.

    2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

    3. I am a partner in the firm of Cardillo & Corbett, attorneys for the Plaintiff.

    4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

    5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

    6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

    7. I am authorized to make this Verification on behalf of the Plaintiff.

_____
Tulio R. Prieto

Sworn to this 13th day
of June, 2008

_____
CHRISTOPHIL B. COSTAS
Notary Public, State of New York
No. 31-0773693
Qualified in New York County
Commission Expires April 30, 2011